## Speitel Estate

*Henry W. Koons*, for accountant.

*Edward Greb Bauer, Jr.*, City Solicitor, by *E. Louis Rosen*, Assistant City Solicitor, for City of Philadelphia.

SHOYER, J., May 29, 1963.—Josephine Speitel died January 16, 1962, not survived by a spouse, leaving a will, whereby, after directing the payment of her just debts and funeral expenses, she provided, "Whereas I am now the owner of a note given by Edward W. Orr to my late husband, Paul A. Speitel, I give and bequeath to the said Edward W. Orr, one-half of the balance owing by him on the said note at the time of my decease" (it appears from the account that there was $9,000 owing on said note at the time of decedent's death) ; gave to her nephew, Very Reverend Eugene

Mauch, O.S.A., and her grandnephew, Reverend Edmond J. Speitel, $5,000 each, free and clear of any and all transfer, inheritance, succession and estate taxes (State and Federal) ; gave to her nephews and nieces, Charles P. Speitel, Mrs. Edmond J. Speitel, Eugene J. Speitel, Eugenia C. Speitel, Joseph P. Speitel, Joseph Kueny, Jacob Mauch, Mrs. J. Burke Cousart and Mrs. Louise Campuzano, $5,000 each, with provision in the event of the prior death of any of said legatees, that his or her share shall be paid to such deceased legatee's children equally, share and share alike; gave to Mr. and Mrs. Alfred $2,500 each; and gave the residue of her estate to her nephew, Joseph P. Speitel, absolutely. . .

The sole question requiring adjudication involves the liability for the payment of the transfer inheritance tax and Federal estate tax. The statement of proposed distribution and notice to the parties in interest recite that "The executor as sole residuary legatee under the will . . . . contends that despite the Inheritance and Estate Tax Act of . . . . 1961, which provides that in the event nothing is said in the Will about the payment of inheritance tax on legacies, such tax is payable out of the residuary estate, that in this estate the inheritance tax is payable by each legatee on his or her legacy, except the legacies to the Very Rev. Eugene Mauch, O.S.A., and Rev. Edmond J. Speitel, as they are specifically exempted by the Will from payment of inheritance and estate taxes, State and Federal, so that the inheritance taxes on all legacies, except the exempt ones, are not payable out of the residuary estate."

Section 718 of the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, 72 PS §2485.718, provides with respect to outright devises and bequests: "In the absence of a contrary intent appearing in the will, the inheritance tax imposed by this act on the transfer of

property passing by will absolutely and in fee, shall be paid out of property forming a part of the residuary estate. . . ." See Gerner Estate, 29 D. & C. 2d 61.

Under the act it is only where there is no contrary intent expressed in the will that the burden of payment of the tax on an outright bequest falls on the residue.

The instant will dated March 6, 1959, is typewritten on three pages and appears to have been carefully drawn by the scrivener. It does not contain a general tax clause. However, the two $5,000 legacies are given by Item 3 thereof to decedent's nephew and grand-nephew, and said Item 3 expressly provides "each, free and clear of any and all transfer, inheritance, succession and estate taxes (State and Federal) . . . ." Had she *intended* to exonerate from those taxes any or all of the 11 other outright bequests, she would have so provided. Her failure so to do, since she knew how, can only be because she intended those legacies not to be relieved of the tax burden. The accountant's view is approved, and awards will be made accordingly. . . .

And now, May 29, 1963, the account is confirmed nisi.